NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0341n.06

No. 10-2396

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | ***Mar 29, 2012*** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| THOMAS LEE PICKETT, | ) | THE EASTERN DISTRICT OF |
| | ) | MICHIGAN |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: MARTIN, COOK, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Thomas Lee Pickett pled guilty to one count of sexual exploitation of children in violation of 18 U.S.C. § 2251(a). In a written plea agreement, he "waive[d] any right he has to appeal his conviction or sentence[,]" so long as "the sentence imposed d[id] not exceed 180 months[.]" On October 12, 2010, the district court sentenced him to 180 months. Two days later, the court entered judgment accordingly. On October 25, Pickett filed a motion to correct his sentence and a notice of appeal of the October 14 judgment. Three months later, on January 12, 2011, the district court purported to amend its judgment, changing one special condition of supervised release. Neither Pickett nor the government appealed the amended judgment.

As an initial matter, the district court's amended judgment is not before us. Pickett's notice of appeal designated the initial judgment as "the judgment . . . being appealed." Fed. R. App. Proc. 3(c)(1)(B). No one has appealed the amended judgment, which is likely ineffective anyway because it was untimely entered. *See* Fed. R. Crim. Proc. 35(a).

As for Pickett's appeal of the initial judgment, the government argues that Pickett's right to bring the appeal was waived per the plain terms of his plea agreement. That agreement waived Pickett's right to challenge his "sentence" if the district court sentenced him to 180 months' imprisonment or less. The district court sentenced Pickett to 180 months; and the condition of supervised release to which he appeals is part of his "sentence." *See United States v. Ferguson*, No. 10-3070, 2012 WL 603605, at *8, __ F.3d __ (6th Cir. 2012). Pickett therefore waived his right to bring this appeal.

The government's motion to dismiss is granted, and the appeal is dismissed.